IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Tyler Howard,** | Case No. 1:25 cv 1052 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **Mansfield Correctional Medical Staff,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendant.** | |

## Background

*Pro se* Plaintiff Tyler Howard, an inmate in the Mansfield Correctional Institution, has filed a federal prisoner civil rights complaint in this case against the "Mansfield Correctional Medical Staff." (Doc. No. 1.)

The basis for his complaint is that on October 26, 2024, Nurse Matt gave him the "wrong medication," a "psyc[h] medication and thyroid medication" that "messed [him] up" and caused him to feel ill and to suffer adverse effects, including diarrhea, sweating, and stomach pain. (*Id*. at 3-4, ¶ IV.) In addition, Plaintiff complains that he asked for medical help multiple times (including having a family member call the prison) after being given the wrong medication, but his requests were "ignored." (*Id*. at 3.) Nonetheless, he expressly indicates in his complaint that corrections officers and nurses came to his door a number of times and asked him if he was ok. He states that he responded "no," and reported that he was not feeling well and that his "stomach was hurting." (*Id*. at 4.) He complains medical "would not do anything" for him. (*Id*.)

Plaintiff's complaint on its face does not allege any specific claim or cause of action. The civil cover sheet he filed with his complaint indicates his complaint is for personal injury/medical malpractice. (*See* Doc. No. 1-1.)

For relief, Plaintiff states he "would like Mansfield medical to take responsibility for the[ir] wrong doings for giving [him] someone else['s] medication" and "no medical assistance" and "to be compensated" for his mental anguish. (Doc. No. 1 at 5, ¶ V.)

**Standard of Review**

Because Plaintiff is proceeding *in forma pauperis* and seeks redress from a governmental defendant, his complaint is subject to review under 28 U.S.C. §§ 1915(e) and 1915A. Those statutes require the Court to review his complaint and to dismiss it before service if the Court determines that it is frivolous or malicious, fails to state a claim upon which he may be granted relief, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). To survive a dismissal for failure to state a claim, a *pro se* "'complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill*, 630 F.3d at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under §§ 1915(e) and 1915A).

Further, although federal courts are obligated to construe *pro se* complaints liberally, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), such principles are not without limits. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Plaintiffs proceeding *pro se* must still meet basic pleading requirements, and courts are not required to "conjure allegations" or create claims on their behalf. *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

**Discussion**

Upon review, the Court finds that Plaintiff's complaint must be dismissed. Even liberally construed, it fails to state a plausible claim upon which the Court may grant him relief.

First, to the extent Plaintiff seeks to assert only state law-claims for medical malpractice or negligence, his complaint must be dismissed for lack of federal subject-matter jurisdiction. A federal court may exercise jurisdiction over state-law claims only if a plaintiff demonstrates that there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000 exclusive of costs and interest. *See* 28 U.S.C. § 1332(a). Plaintiff has not demonstrated a valid basis for an exercise of diversity jurisdiction. He has not demonstrated that the parties are of diverse citizenship (rather, his complaint on its face indicates that he is an inmate in an Ohio correctional facility suing the medical staff of an Ohio prison), or that the amount in controversy is satisfied.

Second, plaintiff's complaint fails to state a plausible federal civil rights claim upon which he may be granted relief. To state a federal civil rights claim under 42 U.S.C. § 1983, Plaintiff must demonstrate that a "person" acting under color of state law deprived him of a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Plaintiff's complaint is insufficient to demonstrate either element of a § 1983 claim. The only defendant Plaintiff names in his complaint is the "Mansfield Correctional Medical Staff," and it is well-established that a prison's "medical staff" is not a "person" subject to suit for federal civil rights violations under § 1983. *Anderson v. Morgan Cnty. Correctional Complex*, No. 15–6344, 2016 WL 9402910, at *1 (6th Cir Sept. 21, 2016).

And even if his complaint were construed as brought against a prison employee or employees subject to suit under § 1983, his allegations are insufficient to demonstrate that he suffered a

3

constitutional deprivation. Failure to provide adequate medical treatment to a prisoner violates the Eighth Amendment's prohibition against cruel and unusual punishment only when it results from "deliberate indifference" to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state an Eighth Amendment claim, a prisoner must demonstrate objective and subjective components. He must demonstrate both that he had a medical condition that posed a "substantial risk of serious harm" to him (the objective component), *and*, that a prison official acted with deliberate indifference to that risk. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "Deliberate indifference is characterized by obduracy or wantonness – it cannot be predicated on negligence, inadvertence, or good faith error." *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012). "Thus, to prove the required level of culpability, a plaintiff must show that [a prison] official: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010). It is well-established that allegations of medical malpractice or negligent diagnosis and treatment fail to state a constitutional deliberate indifference claim. *Jennings v. Al-Dabagh*, 97 Fed. App'x 548, 549-50 (6th Cir. 2004).

Plaintiff's allegations are insufficient to demonstrate that Nurse Matt, or any prison employee or official, had the subjective state of mind necessary to demonstrate constitutional deliberate indifference. Plaintiff does not allege facts suggesting that Nurse Matt acted intentionally when she administered the wrong medication to him, or that her administration of the wrong medication was anything other than inadvertent. Courts have routinely held that an inadvertent or negligent administration of medication to a prisoner is insufficient to state a plausible constitutional deliberate indifference claim. *See, e g.*, *Barnett v. Luttrell*, 414 F. App'x 784, 790 (6th Cir. 2011) ("Barnett

4

alleges no facts suggesting that Terrie's incorrect administration of Dilantin was anything other than negligent. It thus constituted medical malpractice at most and cannot constitute an Eighth–Amendment violation"); *Jones v. Carr*, No. 1:25-cv-728, 2025 WL 2044151, at *5 (W.D. Mich. July 21, 2025) (finding no Eighth Amendment claim where "nothing in Plaintiff's recitation of facts" plausibly suggested that the administration of the wrong medication to him "was anything but inadvertent error"); *Helm v. Moon*, 3:19-cv-292, 2019 WL 2288454, at *2 (W.D. Ky May 29, 2019) ("Nurse Moon gave him the wrong medications on one occasion because she was distracted by a personal conservation with Defendant Johnson. The Court finds that, at most, this allegation shows negligence in the administration (or mis-administration) of his medicine.").

Likewise, here, the Court finds Plaintiff's allegation that Nurse Matt administered the wrong medication to him on one occasion to amount at the most to negligence or medical malpractice under state tort law and is insufficient to state a plausible federal constitutional claim.

Further, the Court does not find that Plaintiff has stated a plausible constitutional claim to the extent he complains that his requests for help were "ignored" after he took the wrong medication. Plaintiff's complaint on its face makes clear that, in fact, prison personnel checked on him several times after he took the medication and asked him if he was ok. Although Plaintiff alleges that he responded "no," reported complaints of stomach pain, and now apparently contends more should have been done for him, he does not state or indicate what he believes could or should have been done for him. Moreover, he does not allege facts supporting a plausible inference that any prison official subjectively perceived that he had a serious medical need requiring some sort of medical treatment or intervention. It is well-established that "differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis or treatment are not enough to state

a deliberate indifference claim." *Ward v. Smith*, 100 F.3d 958, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996).

## Conclusion

Accordingly, Plaintiff's application to proceed *in forma pauperis* in the case (Doc. No. 2) is granted, and for the foregoing reasons, his complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[1]  Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: August 18, 2025

   s/*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE

---

[1] This dismissal is without prejudice to any state-law claim Plaintiff may bring in state court.